IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 2:21-cr-37 |
| LESLEY M. HENRY, | |
| Defendant. | |

### REPORT AND RECOMMENDATION

This matter comes before the Court on the parties' Joint Motion for Competency Evaluation. Doc. 62. The Court held a hearing on this matter on August 19, 2022. Doc. 66. After this hearing, Sadie Doll, Psy.D., Clinical Psychologist, conducted a psychiatric evaluation of Defendant and authored a report ("the Psychiatric Report") summarizing her findings. Doc. 86. The parties have now stipulated to the findings in the Psychiatric Report and no additional hearing is needed. Doc. 89. Based on the entire record in this case, including the Psychiatric Report, I find Ms. Henry is capable of understanding the charges against her and meaningfully consulting with her attorney about her defense. Additionally, I find that Ms. Henry was responsible for her behavior at the time of the alleged offense. Therefore, I **RECOMMEND** the Court find that Defendant Henry is competent to stand trial and proceed with this case and was sane at the time of the alleged offense.

### BACKGROUND

The United States charges Ms. Henry by way of Indictment with Count One: Conspiracy to Engage in Sexual Exploitation of Children, 18 U.S.C. § 2251(e); Counts Two through Eleven:

Sexual Exploitation of Children, 18 U.S.C. § 2251(a); and Counts Fifteen through Nineteen: Distribution of Child Pornography, 18 U.S.C. § 2252A(a)(2). Ms. Henry appeared for her initial appearance and arraignment on September 16, 2021. On August 2, 2022, the parties filed a Joint Motion for Competency Evaluation. Doc. 62. The Court conducted a hearing on the Motion on August 19, 2022. Ms. Henry's counsel subsequently filed a Notice of Insanity Defense on August 22, 2022. Doc. 67. The Government filed its own Motion for Pre-Trial Mental Health Examination Pursuant to 18 U.S.C. § 4242(a). Doc. 68. After hearing from the parties, it was ordered that Defendant would be committed to BOP for a psychological examination. Specifically, the Court issued an order based on 18 U.S.C. § 4247(b) and (c) granting the parties' Joint Motion for Competency Evaluation, doc. 62, the Government's Motion for Pre-Trial Mental Health Examination, doc. 68, and ordering that Ms. Henry be evaluated by a psychiatrist or psychologist. Doc. 69.

      Pursuant to the Court's Order for Psychological Examination, Sadie Doll, Psy.D., Clinical Psychologist, for the Federal Bureau of Prisons at the Federal Medical Center, Carswell, located in Fort Worth, Texas, evaluated Ms. Henry from December 1, 2022 to February 14, 2023, and provided a report of her evaluation to the Court. Doc. 86. In her report, Dr. Doll explained that, based on her evaluation, she is of the opinion that Defendant Henry is competent in that Ms. Henry can understand the nature and consequences of the proceedings against her and assist properly in her defense. Dr. Doll is of the opinion, as stated in her report, that Ms. Henry is competent to stand trial. Dr. Doll also expressed the opinion that Ms. Henry was responsible for her behavior at the time of the offense, and, therefore, she was sane at the time of the alleged offense.

Following the review of Dr. Doll's report, the parties filed a Stipulation Regarding Competency with the Court on April 18, 2023, doc. 89, stating the parties stipulate to the findings of Dr. Doll's report, they have no objection to the Psychiatric Report, and stipulate Defendant does not suffer from a mental disease or defect that renders her unable to understand the nature and consequences of the proceedings against her.  The parties also stipulate that Defendant was sane at the time of the offense and that Defendant is currently competent to proceed in this case.

## DISCUSSION

"[C]ompetence is the base upon which other constitutional rights balance[.]" United States v. Wingo, 789 F.3d 1226, 1228 (11th Cir. 2015); see also Cooper v. Oklahoma, 517 U.S. 348, 354(1996) (The United States Supreme Court has "repeatedly and consistently recognized that the criminal trial of an incompetent defendant violates due process.") (internal quotation and citation omitted); Eddmonds v. Peters, 93 F.3d 1307, 1314 (7th Cir. 1996) ("The Constitution forbids trial of one who, for whatever reason, is unfit to assist in his own defense because our adversarial system of justice depends on vigorous defenses.").

Incompetency means "suffering from a mental disease or defect rendering [the defendant] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).  A defendant is not entitled to a presumption of incompetency, and he assumes the burden of proof to establish his incompetency by a preponderance of the evidence.  Cooper, 517 U.S. at 355; Battle v. United States, 419 F.3d 1292, 1298 (11th Cir. 2005).  The legal test for competency is "whether the defendant 'has sufficient present ability to consult with his lawyer with a

reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402 (1960)); see also United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986).

"[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995). Thus, "the mere presence of a mental disease or defect is not sufficient to render a defendant incompetent . . . ." United States v. Rothman, No. 08-20895-CR, 2010 WL 3259927, at *7 (S.D. Fla. Aug. 18, 2010) (citing United States v. Liberatore, 856 F. Supp. 358, 360 (N.D. Ohio 1994)). "Incompetency to stand trial is not defined in terms of mental illness. As such, a defendant can be competent to stand trial despite being mentally ill and similarly a defendant can be found incompetent to stand trial without being mentally ill." United States v. Williams, No. 5:06-cr-36, 2007 WL 1655371, at *5 (M.D. Fla. June 7, 2007) (internal citation and quotation marks omitted).

After an extensive evaluation, Dr. Doll formed the opinion that Ms. Henry is competent to stand trial in this case. Dr. Doll reached this conclusion after observing and speaking with Ms. Henry, reviewing her medical records and criminal history, and conducting various tests. There is no evidence in the record that contradicts Dr. Doll's conclusions. Indeed, at this point, neither Ms. Henry nor the Government dispute Ms. Henry's competency. While the undersigned had reasonable cause to believe Ms. Henry may have suffered from a mental disease or defect at the time I ordered Ms. Henry's competency evaluation, Dr. Doll's thorough evaluation and the lack of any contradictory evidence have removed any concerns or doubt about Ms. Henry's

competency.  The undersigned agrees with Dr. Doll's conclusion that Ms. Henry understands the nature and consequences of the charges against her, can properly assist in her defense, and, therefore, is competent to stand trial.  Additionally, I agree with Dr. Doll's conclusion that Ms. Henry was responsible for her behavior at the time of the offense.  I, therefore, **RECOMMEND** the Court find that Ms. Henry is competent to stand trial and was sane at the time of the offense.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court find that Ms. Henry is competent to stand trial and was sane at the time of the offense and conclude that this matter may proceed to trial.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of April, 2023.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA